**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KATHLEEN HERALD,

    Plaintiff,                                    Case No.: 6:19-cv-00074

v.

DELTA AIR LINES, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, Delta Air Lines, Inc. ("Delta"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss the Complaint filed by Plaintiff, Kathleen Herald ("Plaintiff").

This is an employment discrimination case arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12100, *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.S. § 2000e-2, *et seq.*; and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.* As shown below, Plaintiff's Complaint should be dismissed in its entirety because she cannot state a claim for relief under the FMLA, and her other claims are time-barred for failure to exhaust her administrative remedies within the applicable time period. As a result, Delta asks the Court to dismiss the Complaint, award Delta its costs and attorneys' fees incurred in this action, and award any other relief this Court deems just and proper.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. Delta employed Plaintiff as a Flight Attendant based in Orlando, Florida. (Compl. ¶ 2, Doc. 1).

2. Prior to December 28, 2016, Plaintiff had taken FMLA leave for her allergies. (*Id*. ¶ 12).

3. On December 28, 2016, Plaintiff experienced a sudden onset stomach illness, causing her to incur an unexcused absence. (*Id*. ¶ 11).

4. Plaintiff refused to request FMLA leave to excuse her December 28, 2016 absence. (*Id*. ¶ 13).

5. According to Plaintiff, her manager encouraged her to use FMLA leave to cover her unexcused absence, but Plaintiff declined because she believed it would be "dishonest." (*Id.*).

6. On or about January 27, 2017, Plaintiff was removed from service pending investigation into the unexcused absence. (*Id*. ¶¶ 15-17).

7. Plaintiff was terminated on February 21, 2017. (*Id*. ¶ 18).

8. On or about September 19, 2018, Plaintiff filed a Charge of Discrimination with the EEOC, alleging violations of the ADA, Title VII, and the FCRA. (*See* Exhibit A, Charge No. 510-2018-07089).

9. The last discrete act of alleged discrimination identified in Plaintiff's charge occurred on the date of Plaintiff's termination – February 21, 2017. (*Id.*).

10. On or about October 16, 2018, the EEOC issued a Dismissal and Notice of Rights, closing its investigation because Plaintiff's charge was not timely filed. (*See* Exhibit B, EEOC Dismissal and Notice of Rights).

11. Plaintiff filed this action on January 11, 2019, alleging claims of FMLA interference and retaliation in Counts I and II, and claims of disability discrimination and retaliation under the ADA, Title VII, and FCRA in Counts III, IV, V, and VI. (Compl., Doc. 1).

12. Delta waived service on January 28, 2019, and this Motion has been timely brought within 60 days of the date of the waiver of service. (Doc. 12)

## MEMORANDUM OF LAW

### I.   Standard of Review

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *Bell Atlantic v. Twombly*, 550 U.S. 544, 561-62 (2007). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal*, 578 F.3d at 1261 (quoting *Twombly*, 550 U.S. at 570). If the factual allegations cannot be construed to establish a plausible cause of action, dismissal is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id*. Further, a complaint cannot be saved by conclusory allegations, unwarranted factual deductions, or

legal conclusions masquerading as facts. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In ruling on a Rule 12(b)(6) motion to dismiss, a court is generally limited to the four corners of the complaint, but a court may consider an outside document without converting the motion into one for summary judgment if that document is (1) central to plaintiff's claims, and (2) undisputed, meaning the authenticity of the document is not challenged. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Harris v. Ivax Corp.*, 182 F.3d 799, 802, n.2 (11th Cir. 1999). Under this standard, courts routinely consider an EEOC charge and right-to-sue letter when ruling on a motion to dismiss. *See, e.g.*, *Lambert v. Alabama. Dept. of Youth Servs.*, 150 Fed. Appx. 990, 991-92 (11th Cir. 2005) (considering EEOC charge); *EEOC v. STME*, LLC, 309 F. Supp. 3d 1207, 1210, n.1 (M.D. Fla. 2018) (same); *Gonzalez v. Envoy Air, Inc.*, No. 6:16-cv-802-Orl-40GJK, 2016 U.S. Dist. LEXIS 116979, at *3 n.1 (M.D. Fla. Aug. 31, 2016) (same); *Brooks v. CSX Transp., Inc.*, Case No. 3:09-cv-379-J-32HTS, 2009 WL 3208708, at *5, n.6 (M.D. Fla. Sept. 29, 2009) (same). Consequently, in this case, the Court may consider Plaintiff's EEOC charge and Notice of Dismissal, in addition to the allegations within the four corners of the Complaint, when ruling on this Motion because the documents are central to Plaintiff's claims and their authenticity is not in question.

**II.     This Court Should Dismiss Counts I and II of the Complaint Alleging Violations of the FMLA Because Plaintiff Does Not State a Plausible Claim for Relief.**

As a prerequisite to bringing an FMLA claim, a plaintiff must have sought FMLA-qualifying leave. *Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1167 (11th Cir. 2014).

More specifically, "[i]n order to receive FMLA protections, one must be both eligible, meaning having worked the requisite hours, and entitled to leave, meaning an employee has experienced a triggering event." *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012). Once the plaintiff has made this showing, she may bring an FMLA claim for interference, retaliation, or both. *Id.* To establish an FMLA interference claim, a plaintiff must show that she was denied a benefit to which she was entitled. *Id.* at 1274. To establish an FMLA retaliation claim, a plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was casually related to the protected activity. *Id*. at 1275. A complaint is subject to dismissal under Rule 12(b)(6) if it does not allege facts demonstrating each of these elements. *Rhodes v. WCA*, No. 1:15-cv-187-MW-GRJ, 2015 U.S. Dist. LEXIS 173627, at *8 (N.D. Fla. Dec. 10, 2015).

Here, Plaintiff has not stated a claim for relief under the FMLA for three reasons. First, Plaintiff does not allege that she sought FMLA-qualifying leave. Second, her FMLA interference claim is not plausible because she does not allege that she was entitled to FMLA leave or that Delta denied her FMLA leave to which she was entitled. Third, her FMLA retaliation claim is not plausible because she does not allege that she engaged in protected activity under the FMLA. As a result, dismissal of Counts I and II is warranted.

    **A.**    **Plaintiff does not allege that she sought FMLA-qualified leave.**

"Giving an employer notice of unqualified leave does not trigger the FMLA's protection. Otherwise, the FMLA would apply to every leave request." *Hurley*, 746 F.3d at 1167. In *Hurley*, an employee who suffered from depression asked to take eleven weeks of

vacation over the following two years. The employer denied the request, and Hurley brought suit under the FMLA. At trial, the jury found that Hurley was not terminated because he requested leave, but nevertheless awarded him $200,000 in damages. *Id.* at 1164-1166. On appeal, the employer argued that the trial court erred by denying the employer's motion for judgment as a matter of law because Hurley did not qualify for FMLA leave in the first instance. *Id.* at 1166. The Eleventh Circuit agreed, vacating the jury award. The Court recognized that the FMLA only protects leave for "any period of incapacity or treatment due to a chronic serious health condition." *Id.* at 1168 (citing 29 C.F.R. §825.115(c)). Because Hurley's leave request was not for a period of incapacity, the request did not qualify for protection under the FMLA, and the trial court erred in permitting the claim to go to the jury. *Id*.

The Eleventh Circuit's decision in *Hurley* is consistent with its prior holding in *Pereda*. In *Pereda*, the Court found that "a pre-eligible employee has a cause of action if an employer terminates her in order to avoid having to accommodate that employee with rightful FMLA leave rights once the employee becomes eligible." *Pereda*, 666 F.3d at 1275. Thus, to sustain a claim under the FMLA, there must be a showing that the employee is (or will be) eligible for leave and that the leave is needed for a qualifying health condition. *See Johnson v. Baptist Health S. Fla., Inc.*, No. 16-23029-CIV, 2017 U.S. Dist. LEXIS 92360, at *26 (S.D. Fla. June 14, 2017).

Turning to the facts of this case, Plaintiff's FMLA claims arise from a single unexcused absence caused by an admittedly non-qualifying health condition. In fact, according to Plaintiff, she knew that it would be "dishonest" to claim that her stomach illness

6

was protected by the FMLA. (Compl. ¶ 13). The Complaint is devoid of any allegations demonstrating that Plaintiff was eligible for FMLA leave for her unexcused absence or that the absence was due to a qualifying illness as required to trigger the FMLA's protections. Therefore, Counts I and II of the Complaint should be dismissed.

Moreover, to the extent Plaintiff attempts to bring her claims within the protection of the FMLA based on a different FMLA-qualifying health condition (*i.e.*, allergies), such attempt must likewise fail. Indeed, an employee who is qualified for FMLA leave for one condition cannot premise an FMLA claim on leave taken for a different, unqualified reason. *Johnson*, 2017 U.S. Dist. LEXIS 92360, at *28 (employee who took FMLA leave for qualifying reason and then sought to extend leave for adult son's unqualified surgery could not bring claim premised on absences related to son's surgery).

In her Complaint, Plaintiff alleges that her allergies were a qualifying illness under the FMLA. (Compl. ¶ 12). Even if this allegation is assumed to be true for purposes of this Motion, Plaintiff cannot premise her FMLA claims in this case on her allergies because the unexcused absence that forms the basis of her claims involved an entirely different condition – a stomach illness – which was not a qualifying illness under the FMLA. Therefore, the allegations of the Complaint cannot state a claim for relief under the FMLA, and this Court should dismiss Counts I and II of the Complaint accordingly.

> **B.     Plaintiff does not allege that she was denied a benefit under the FMLA to which she was entitled as required to state a claim for FMLA interference.**

To state an FMLA interference claim, an employee must request FMLA-qualified leave, which the employer denies. *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1266-67

(11th Cir. 2008); *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206 (11th Cir. 2001). Otherwise, an FMLA interference claim should be dismissed. *Duckworth v. Symon Says Enters.*, No. 8:13-cv-2829-T-33AEP, 2014 U.S. Dist. LEXIS 14912, at *9 (M.D. Fla. Feb. 6, 2014) (dismissing FMLA interference claim where complaint did not allege entitlement to FMLA leave or denial of such leave). Importantly, an employer's encouragement of an employee to take or request FMLA leave will not create an actionable interference claim. *See Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 33 (3d Cir. 2014) (allegation that employer encouraged employee to take leave cannot sustain interference claim under FMLA).

Here, Plaintiff does not allege that she sought FMLA-protected leave or that she was denied FMLA leave. Instead, she alleges that her supervisor encouraged her to take FMLA leave for an unqualified absence, but Plaintiff refused to seek FMLA leave. Plaintiff concedes in her Complaint that, at the time of her unexcused absence, Plaintiff did not suffer from an FMLA-qualifying event. Further, she never asked to take FMLA leave or otherwise tried to invoke her rights under the FMLA. As a result, Plaintiff had no FMLA rights with which Delta could have possibly interfered, and dismissal of Count I is appropriate. *See Seguin v. Marion County Health Dep't*, 2014 U.S. Dist. LEXIS 112110, at *34 (M.D. Fla. Aug. 13, 2014) (to state claim for FMLA interference, plaintiff must show she sought leave for FMLA-qualifying event).

### C. Plaintiff does not allege facts which, if believed, demonstrate that she engaged in protected activity as required to state a claim for FMLA retaliation.

In contrast to FMLA interference claims, FMLA retaliation claims require plaintiffs to show (1) protected activity, (2) an adverse employment decision, and (3) a causal relation between the two. *Pereda*, 666 F.3d at 1275. Under the FMLA, an employee cannot engage in protected activity without requesting leave. *Sparks v. Sunshine Mills, Inc.*, 580 F. App'x 759, 766 (11th Cir. 2014) (vague statement about possible surgery was not protected activity because it did not express specific need or desire to take FMLA leave); *Martinez v. Mercedes Home Realty, Inc.*, No. 6:04-cv-1467-Orl-31JGG, 2005 U.S. Dist. LEXIS 24139, *17 (M.D. Fla. Oct. 17, 2005). Nor does declining to request FMLA leave constitute protected activity. *Finch v. Morgan Stanley & Co. LLC*, No. 15-81323-CIV, 2016 U.S. Dist. LEXIS 106305, at *13 (S.D. Fla. Aug. 10, 2016) (granting motion to dismiss on FMLA retaliation claim because it was not protected activity for employee to ignore employer's repeated reminders of FMLA rights).

The allegations of Plaintiff's Complaint confirm that (i) she was not eligible to take FMLA leave for her non-qualifying stomach illness; (ii) she did not request FMLA leave to cover her unexcused absence; and (iii) she refused the alleged suggestion of her supervisor to request FMLA leave for a non-qualifying reason. Therefore, Plaintiff did not engage in protected activity under the FMLA as required to state claim of retaliation, and this Court should dismiss Count II accordingly.

**III.     This Court Should Dismiss Counts III, VI, V, and VI of the Complaint Alleging Violations of the ADA, Title VII, and the FCRA Because Plaintiff's Claims Are Time-Barred.**

Prior to bringing discrimination claims under the ADA and Title VII, a plaintiff must first exhaust the available administrative remedies by filing a charge with the EEOC before filing suit. *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010) (unpublished); *E.E.O.C. v. Joe's Stone Crab, Inc*. 296 F.3d 1265, 1271 (11th Cir. 2002). Similarly, FCRA claims must be brought before the EEOC or Florida Commission on Human Relations ("FCHR") prior to bringing a lawsuit. *Curry v. Bank of Am., N.A*., No. 8:11-cv-1904-T-33MAP, 2012 U.S. Dist. LEXIS 169482, at *6-7 (M.D. Fla. Nov. 29, 2012). In a deferral state, such as Florida, a plaintiff must file a charge with the EEOC within 300 days of the alleged discrimination. *Bender v. Miami Shores Vill.*, 578 F. App'x 822, 824 (11th Cir. 2014); *Joe's Stone Crab, Inc*., 296 F.3d at 1271. A state charge must be filed within 365 days of the alleged violation. *Curry*, 2012 U.S. Dist. LEXIS 169482, at *6-7; Fla. Stat. § 760.11(1). A claim that was not timely submitted during the charge-filing period should be dismissed. *Joe's Stone Crab, Inc*. 296 F.3d at 1271; *see Gonzalez*, 2016 U.S. Dist. LEXIS 116979, at *5 (granting motion to dismiss where complaint did not allege discrimination within 300-day charge-filing period); *Sims v. Smart City Telcoms.*, LLC, No. 6:08-cv-261-Orl-18GJK, 2008 U.S. Dist. LEXIS 66798, at *6 (M.D. Fla. July 31, 2008) (granting motion to dismiss where plaintiff filed EEOC charge 354 days after alleged discrimination took place).

Here, Plaintiff alleges discrimination arising from her unexcused absence on December 28, 2016, from being withheld from service on January 27, 2017, and from being

terminated on February 21, 2017. Thus, the last act of alleged discrimination described in Plaintiff's charge occurred on February 21, 2017. Plaintiff did not file her charge, however, until September 19, 2018 – a full 575 days after the termination of her employment. (*See* Exhibit A). As a result, all of the allegations asserted in the charge are time-barred, and this Court should dismiss Counts III, IV, V, and VI with prejudice.[1]

## CONCLUSION

WHEREFORE, Defendant Delta Air Lines, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and attorneys' fees incurred in this action and any such other relief that this Court deems just and proper.

Dated: March 12, 2019.

---

[1] The EEOC recognized that Plaintiff's charge was untimely in the Notice of Dismissal. (*See* Exhibit B.) Furthermore, there are no allegations in the charge or in the Complaint that could demonstrate a basis for the extraordinary remedy of equitable tolling or estoppel. Moreover, even if Plaintiff had exhausted her administrative remedies prior to bringing her suit, Plaintiff's thread-bare allegations would not state a claim for relief under the ADA, Title VII, or the FCRA under any cognizable legal theory.

Respectfully submitted,

By:/s/ Marilyn G. Moran
    Marilyn G. Moran
    Florida Bar No.:  0163813
    Email:  mmoran@fordharrison.com

    FORD & HARRISON LLP
    300 South Orange Avenue, Suite 1300
    Orlando, FL  32801
    (407) 418-2300  Telephone
    (407) 418-2327  Facsimile

    Counsel for Defendant
    Delta Air Lines, Inc.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Brian R. Mildenberg | Matthew B. Weisberg |
| MILDENBERG LAW FIRM | Weisberg Law |
| 1735 Market St | 7 South Morton Ave. |
| Suite 3750 | Morton, PA 19070 |
| Philadelphia, PA 19103 | 610/690-0801 |
| 215/545-4870 | Fax: 610/690-0880 |
| Fax: 215/545-4871 | Email: mweisberg@weisberglawoffices.com |

Gary Schafkopf
11 Bala Ave.
Bala Cynwyd, PA 19004
610/664-5200 Ext. 104
Fax: 888/283-1334

    /s/ Marilyn G. Moran
    Marilyn G. Moran

WSACTIVELLP:10423078.1

12