# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KATHLEEN HERALD,**

    **Plaintiff,**

**v.**                                                          Case No: 6:19-cv-74-Orl-31GJK

**DELTA AIR LINES, INC.,**

    **Defendant.**

## ORDER

This Matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 27) filed by Delta Air Lines and the Response in Opposition (Doc. 32) filed by the Plaintiff.

**I.    Background**

The Plaintiff is a former employee of Delta Air Lines. The Plaintiff alleges that she was "wrongfully terminated on a discriminatory basis, in retaliation for refusing to use her Family and Medical Leave Act (FMLA) accommodation when reporting illness outside of the FMLA allowance." Doc. 25 ¶ 9. On December 28, 2016, the Plaintiff suddenly became violently sick to her stomach. *Id.* ¶ 11. She called in sick and provided a doctor's note, but Delta did not excuse her absence. The Plaintiff had previously used FMLA leave for allergies, but because she had a stomach illness and not allergies when she called in sick, she did not use her FMLA allowance on December 28, 2016. *Id.* ¶ 12. Because she failed to cover that shift, her manager encouraged her to use her FMLA leave. She refused, citing dishonesty. *Id.* ¶ 14. On December 28, 2016, the Plaintiff was placed on a 23-day unpaid suspension for failure to cover her shift. *Id.* ¶ 17. On February 21, 2017, Delta terminated the Plaintiff's employment. *Id.* ¶ 20.

The Plaintiff filed her Amended Complaint on March 26, 2019, alleging interference with FMLA rights (Count I) and retaliation in violation of FMLA (Count II) against Delta. Doc. 25. Delta filed a Motion to Dismiss on April 9, 2019. Doc. 27. The Plaintiff filed her Response in Opposition on May 7, 2019. Doc. 32.

**II.    Legal Standards**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual

allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III.  Analysis**

The Plaintiff alleges that Delta's actions violated the FMLA. The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following: ... (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). An employer is prohibited from interfering, restraining, or denying the exercise of, or the attempt to exercise, any right provided under the FMLA and from discharging or discriminating against any individual "for opposing any practice made unlawful" by the FMLA. 29 U.S.C.A. § 2615(a)(1), (2).  "To state a claim that [her] employer has interfered with a substantive FMLA right, a plaintiff need only demonstrate that [she] was entitled to but denied the right." *Strickland v. Waterworks & Sewer Bd. Of City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001). "To prove FMLA retaliation, an employee must show that [her] employer intentionally discriminated against [her] for exercising an FMLA right." *Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008)

Essentially, the Plaintiff argues that Delta's actions indirectly interfered with her FMLA leave. Had the Plaintiff used FMLA leave for her stomach illness, the Plaintiff's theory goes, she would have had less leave available to take for allergy-related issues. The Plaintiff thus contends that, by insisting that she take FMLA leave for her stomach illness, Delta was interfering with her FMLA leave for allergies. However, at no point does the Plaintiff allege that she was denied FMLA benefits. Furthermore, the Plaintiff does not allege that she was discriminated against for exercising an FMLA right. Accordingly, the Plaintiff fails to state a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 27) is **GRANTED**. If the Plaintiff wishes to file a second amended complaint, she may do so within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 17, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party